Koreena SANITA

v.

Shu–Whei TSAI et al.

No. 92–120–Appeal.

Supreme Court of Rhode Island.

Nov. 19, 1992.

ORDER

This case came before a hearing panel of this court for oral argument November 17, 1992 pursuant to an order that had directed both parties to appear and show cause why the issues raised by this appeal should not be summarily decided.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown. The evidence presented to the Superior Court on the issue of jurisdiction over Dave Dinger Ford, Inc., a Massachusetts corporation, who had been impleaded as a third-party defendant clearly indicated that it did not have the necessary minimum contacts required to subject the corporation to the jurisdiction of Rhode Island. The evidence clearly indicated that Dave Dinger Ford, Inc. had not purposefully availed itself of the privilege of doing business in this state. *See Ben's Marine Sales v. Sleek Craft Boats*, 502 A.2d 808 (R.I.1985) and cases cited therein.

Consequently, the appeal of the defendant, Shu–Whei Tsai is denied and dismissed. The order dismissing the third-party complaint against Dave Dinger Ford, Inc. is hereby affirmed.

FAY, C.J., did not participate.

WATER STREET DEVELOPMENT, LTD.

v.

AETNA CASUALTY & SURETY CO.

No. 92–152–Appeal.

Supreme Court of Rhode Island.

Nov. 19, 1992.

ORDER

This case came before a hearing panel of this court for oral argument November 17, 1992 pursuant to an order that had directed both parties to appear and show cause why the appeal should not be summarily decided.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

The trial justice's decision denying the motion for new trial was amply supported by the evidence submitted in the case. Her declining to disturb the finding of the jury that the premises were occupied prior to the date of the fire was in accordance with the fair preponderance of the evidence submitted. The occupation of the premises was a violation of the terms of the builder's risk insurance policy issued by the defendant.

Consequently, the plaintiff's appeal is denied and dismissed. The judgment entered in the Superior Court is affirmed.

FAY, C.J., did not participate.